## Ex Parte Morales.

### Appeal from the District Court of Humacao.

#### No. 707.—Decided October 31, 1911.

Declaration of Heirs—Judgment of Filiation by Consent of Defendant—Compromise.—A judgment of filiation was rendered by consent of the defendant, and the acknowledged illegitimate child so declared by the judgment asked to be declared the sole heir of his natural father. The court refused to make this declaration on the ground that the said judgment by consent was tantamount to a compromise of civil status, which is prohibited by law, and that therefore such judgment had no legal effect whatsoever. On appeal this court decided that having examined said judgment in the light of the law and of the opinions of authorities on civil law it does not clearly appear that the judgment was the result of such compromise as the law prohibits and that therefore legal effect should not have been denied to it when it was offered as evidence in the proceedings for a declaration of heirs.

Id.—Collateral Attack on Judgment.—The consent of the defendant is equivalent to his acquiescence in the claims of the plaintiff or to an express admission as to the truth of the facts set forth in the complaint, and a judgment rendered by a court having jurisdiction over the subject matter and the parties on the ground of consent, acquiescence, or admission as to the truth of the facts stated in the complaint, is valid and cannot be collaterally attacked.

Insufficient Evidence—Condition of Natural Child.—Upon examination of the evidence offered in this case the Supreme Court held that the petitioner should have alleged and shown that her son was also an acknowledged natural child and that the father had no other heirs, or at least that the existence of other heirs was unknown, all of which could have been shown by the testimony of witnesses acquainted with the family relations of the father and whose testimony was worthy of credence by this court.

The facts are stated in the opinion.

*Mr. José G. Torres* for the appellant.

Mr. Justice del Toro delivered the opinion of the court.

Claudina Morales filed a sworn petition in the District Court of Humacao praying that José Marcelino Esterás y Morales, the acknowledged natural son of José Ignacio Esterás y Rivera and son of the petitioner, be declared the intestate heir of the latter.

It was alleged in the petition that the acknowledgment of
José Marcelino was made by a judgment of the District Court
of Humacao and a certified copy of such judgment was intro-
duced as evidence, the pertinent part of which reads as fol-
lows:

"*Claudina Morales* v. *Isidoro Esterás et al.*   Acknowledgment
of filiation.   On this 22d day of May, 1909, appeared Attorney José
G. Torres on behalf of the plaintiff in this action and read a motion
accepting the proposition made by the defendant, represented by
Attorney Enrique López Díaz, whereby the last-mentioned party
consents to a judgment declaring that José Marcelino, the child of
the plaintiff, is the son of José Ignacio Esterás.   The court having
heard the motion and the agreement of the parties orders that judg-
ment be rendered in favor of the plaintiff, and therefore decrees that
José Marcelino, the son of Claudina Morales, be and hereby is de-
clared the acknowledged illegitimate child of José I. Esterás."

No oral evidence was taken and the case having been sub-
mitted to the court it decided the same by the following order:

"On February 16, 1911, Attorney José G. Torres appeared in
chambers on behalf of the party in the above-entitled cause and peti-
tioned the court to declare José Marcelino Esterás Morales, the ac-
knowledged son of José Ignacio Esterás Rivera, who died in Caguas
on January 23, 1908, to be the sole and universal heir of the latter,
and proved such acknowledgment by presenting a certified copy of
a judgment of the District Court of Humacao rendered on May 22,
1909.   Whereas, the said judgment was rendered by agreement of
the parties, as is set forth therein, and for that reason cannot be
regarded by the judge as having any legal effect whatever for the
purpose of proving the filiation of José Marcelino Esterás, because
declarations of civil status cannot be made by compromise or stipu-
lation between the parties, and, whereas, neither has it been proven
that the said José Marcelino Esterás is the only heir of the deceased
José Ignacio Esterás y Rivera; therefore, the court denies the peti-
tion of Claudina Morales that José Marcelino Esterás Morales be
declared the heir of José Ignacio Esterás Rivera."

Let us first see whether or not the conclusion arrived at
by the Judge of the District Court of Humacao with regard
to the ineffectiveness of the judgment rendered by the same

court in the action for acknowledgment of filiation is correct. Section 1715 of the Revised Civil Code provides that

"No compromise can be made with regard to the civil status of persons   *   *   *."

As defined in section 1711 of the said Revised Civil Code

"A compromise is a contract by which each of the parties in interest, by giving, promising, or retaining something, avoids the provocation of a suit or terminates one that has already been instituted."

Manresa, in his Commentaries on the Civil Code, volume 12, page 100, says:

"All the authorities agree that the characteristics of a contract of compromise and those which properly determine it are the four following: First, that it is accessory; second, that it is consensual; third, that it is bilateral; and, fourth, that it is onerous."

Upon an examination of the judgment in the action for acknowledgment of filiation rendered by the District Court of Humacao in the light of the law and the opinions of the commentators mentioned, the conclusion is reached that it does not clearly appear that the said judgment was the result of such compromise as the law forbids, and therefore that its legal value should not have been denied when it was offered as evidence in the proceedings for the declaration of heirs.

Said judgment was obtained, as therein set forth, by consent of the defendant, which is equivalent to saying that the defendant accepted the claims of the plaintiff or that the defendant expressly admitted as true the facts set forth in the complaint, and a judgment of such nature rendered by a court with jurisdiction over the subject-matter and the parties is valid and cannot be collaterally attacked. (See 23 Cyc., 728, 1055.)

Now, the conclusion reached by us under the circumstances attending this particular case does not imply that we accept as good practice that which seems to have been followed by

the District Court of Humacao in the action for acknowledgment of filiation. In cases of this kind, even though the defendant may admit the truth of the facts set forth in the complaint and such facts may determine the action, it would be more in keeping with the ends of justice for the court also to demand evidence showing the truth of the allegations.

Let us examine the other ground of the order appealed from, viz., that it has not been proved that José Marcelino Esterás is the only heir of the deceased, José Ignacio Esterás y Rivera.

The act relating to Special Legal Proceedings provides that the judge to whom the petition for declaration of heirs has been presented shall hear, in the briefest period possible, the proof presented and from the result thereof shall issue the proper order, and provides further that "Said order shall be issued without prejudice to a third party, unless it relates to heirs at law." (Acts of 1905, p. 141.)

Having examined the evidence offered in this case, the conclusion may be reached that José Marcelino Esterás y Morales is the acknowledged illegitimate child of José Ignacio Esterás y Rivera, but the petitioner did not show that José Marcelino was also the natural child and the sole heir. The *declaration* to be made by the court is of *heirs* and must include all the heirs when there are several.

The petitioner should have alleged and shown in this case that her son was also the acknowledged natural child of José Ignacio Esterás y Rivera and that the latter had no other heirs, or at least that the existence of other heirs was unknown, for which purpose the testimony of witnesses acquainted with the family relations of José Ignacio Esterás, and who were worthy of credence by the court, would naturally suggest itself.

The petitioner, therefore, not having presented all the evidence which her case demanded, her petition was properly denied for that reason, but this decision should not bar the

petitioner or any other person really interested from making a new application in accordance with the law.

*Affirmed.*

Chief Justice Hernández and Justices MacLeary, Wolf, and Aldrey concurred.